NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID CONTINO, KEVIN DAUGHERTY, JENNI GLICK, and ANTHONY MELILLO, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC, <br><br> Defendant. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 07-CV-5755 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon BMW of North America, LLC's ("Defendant") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss is **denied**.

I. **BACKGROUND**[1]

Defendant brings its motion in response to a Complaint filed by Plaintiffs David Contino ("Contino"), Kevin Daugherty ("Daugherty"), Jenni Glick ("Glick") and Anthony Melillo ("Melillo") on their own behalf and on behalf of a similarly situated class (collectively, "Plaintiffs"). The class action suit alleges several causes of action including breach of implied

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

warranty of merchantability, unjust enrichment and violations of the California Consumer Legal Remedies Act ("CLRA"), arising out of what Plaintiffs claim is a design defect in all BMW vehicles equipped with a "ZF Transmission." Plaintiffs allege that this defect caused the transmissions to fail, preventing the vehicles from going into reverse gear and forcing the Plaintiffs to spend thousands of dollars for repairs. In response, Defendant filed the current Fed. R. Civ. P. 12(b)(6) motion in response to four allegations in the Complaint. Defendant also filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) against allegations made by Plaintiff Melillo, but those portions of the Complaint were previously dismissed.

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998) (hereinafter Trump). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the Fed. R. Civ. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007) (hereinafter Twombly). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him

to relief." Twombly, 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

### III. DISCUSSION

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) regarding the following Counts of Plaintiffs' Complaint: (I) Contino's allegation of breach of implied warranty of merchantability under Indiana law; (II) Contino's allegation of unjust enrichment under Indiana law; (III) Daugherty's allegation of breach of the CLRA; and (IV) all Plaintiffs' claims for unjust enrichment due to the existence of Defendant's limited warranty.

#### A. Implied Warranty of Merchantability

Defendant's motion to dismiss Contino's allegation of breach of implied warranty of merchantability under Indiana law is denied. In deciding the current motion to dismiss, this Court must accept all allegations in the Complaint as true and view them in the light most favorable to Plaintiffs. See Warth, 422 U.S. at 501; Trump, 140 F.3d at 483. If, after viewing the allegations in the Complaint in the light most favorable to Plaintiffs, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," this Court must dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Hishon, 467 U.S. at 73. Under Twombly, this Court must deny the current motion to dismiss if "[f]actual allegations [are] enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

3

Indiana law applies the standards of the Uniform Commercial Code ("UCC"). Plaintiff alleges, as UCC § 2-314 requires, that the product in question is not fit for its ordinary purpose. This allegation is made due to the defect in the "ZF Transmission," which makes the car unable to engage in reverse gear and precludes one of the vehicle's important functions and, according to Plaintiffs, makes the vehicle unfit for driving. Plaintiffs also allege that many others have suffered from this defect, citing several examples from internet forums in the Complaint. While Defendant states that the vehicles are merchantable due to the length of time elapsed from the sale of the vehicles until the transmissions failed, this does not negate the fact that the transmissions failed and, thus, rendered the vehicles unusable. Therefore, Plaintiff has pled the required elements for a violation of the implied warranty of merchantability under Indiana law and, accordingly, Defendant's motion to dismiss is denied.

  B. <u>Unjust Enrichment Claim Regarding Contino</u>

Defendant's motion to dismiss Contino's claim for unjust enrichment is denied. Contino has alleged that a measurable benefit has been conferred upon Defendant and that there are circumstances which would make Defendant's retention of the payment unjust. See <u>Bayh v. Sonnenburg</u>, 573 N.E. 2d 398, 408 (Ind. 1991). The measurable benefit is the money paid to BMW for the purchase of the vehicle. In deciding the motion to dismiss, this Court must accept all allegations in the Complaint as true and view them in the light most favorable to Plaintiffs. See <u>Warth</u>, 422 U.S. at 501; <u>Trump</u>, 140 F.3d at 483. If, after viewing the allegations in the Complaint in the light most favorable to Plaintiffs, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," this Court

4

must dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Hishon, 467 U.S. at 73. Under Twombly, this Court must deny the current motion to dismiss if "[f]actual allegations [are] enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

Plaintiff argues that the vehicles were defective at the time of sale and that Defendant failed to disclose the existence of this defect, despite its knowledge and keeping the benefit indirectly conferred. These circumstances, taken as true, make Defendant's retention of the payment unjust. Defendant asserts that the connection between Contino's purchase of the vehicle from an unauthorized dealer to Defendant creates too remote a connection for recovery in an unjust enrichment claim. Still, Plaintiff has met his burden to plead unjust enrichment and any questions of remoteness of connection is an issue for the finder of fact. Therefore, Defendant's motion to dismiss is denied.

C.  CLRA Violations

Defendant's motion to dismiss Daugherty's claim for a breach of the CLRA is dismissed. In deciding the current motion to dismiss, this Court must accept all allegations in the Complaint as true and view them in the light most favorable to Plaintiffs. See Warth, 422 U.S. at 501; Trump, 140 F.3d at 483. If, after viewing the allegations in the Complaint in the light most favorable to Plaintiffs, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," this Court must dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Hishon, 467 U.S. at 73. Under Twombly, this Court must deny the current motion to dismiss if "[f]actual allegations [are] enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

5

Daugherty alleges that there has been a material omission, causation and damages. See Chamberlan v. Ford Motor Co., 369 F. Supp 2d 1138, 1144 (N.D. Cal. 2005). Defendant failed to disclose the defect when Daugherty purchased the vehicle and Defendant allegedly misrepresented the quality of the transmission. Defendant knew, or should have known, through reasonable care of the defect. Defendant does not argue against the presence of any of the elements of this cause of action, but rather argues that an injunction against Defendant would be moot as the advertising materials that contribute to the alleged fraud are no longer being produced. Plaintiff's proposed injunction, however, is aimed at achieving disclosure by Defendant of the design defect in the transmissions of its cars, not removing old advertising materials from circulation. Therefore, Defendant's motion to dismiss is denied.

D.  Unjust Enrichment Claims

Defendant's motion to dismiss Plaintiffs' claims for unjust enrichment due to Defendant's limited warranty is dismissed. Defendant seeks to have all of the unjust enrichment claims dismissed due to the existence of the limited warranty covering its vehicles. In deciding the current motion to dismiss, this Court must accept all allegations in the Complaint as true and view them in the light most favorable to Plaintiffs. See Warth, 422 U.S. at 501; Trump, 140 F.3d at 483. If, after viewing the allegations in the Complaint in the light most favorable to Plaintiffs, it appears beyond a doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," this Court must dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Hishon, 467 U.S. at 73. Under Twombly, this Court must deny the current motion to dismiss if "[f]actual allegations [are] enough to raise a right to relief above the

6

speculative level." <u>Twombly</u>, 127 S.Ct. at 1965.

The parties agree that, if a contract-based legal remedy exists, unjust enrichment will not lie. Plaintiffs, however, argue that the limited warranty only covers defects in materials or workmanship. The causes of action in the Complaint address a design defect. Plaintiffs cite persuasive authority from the United States District Court for the Southern District of New York in support of this proposition, in which the Court recognized a limited warranty almost exactly on par with the one in this case did not apply to a claim of design defect. <u>See</u> <u>Grupo Sistemas Integrales De Telecomunicacion S.A. De C.V. v. AT&T Commc'ns, Inc.</u>, No. 92-7862, 1996 U.S. Dist. LEXIS 2927 (S.D.N.Y. Mar. 11 1996). Defendant argues the validity of this case as applied to Indiana and California, but does not cite any authority that <u>Grupo</u> does not apply. Therefore, Defendant's motion to dismiss is denied.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion to dismiss is **denied**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:   July 25, 2008
Orig.:  Clerk
cc:     All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File